UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**PETER KARAGAS,**
                   **Plaintiff**

**v.**                                    Civil Action Number
                                          3:05CV96-J

**JO ANNE B. BARNHART, Commissioner of**
  **Social Security,**
                   **Defendant**

## MEMORANDUM OPINION

      This matter is before the Court on plaintiff Peter Karagas' challenge to the decision of the defendant Commissioner denying his claim to Disability Insurance Benefits. After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the matter should be remanded for further proceedings.

      Mr. Karagas filed his application in November of 2002, alleging that he had been unable to engage in any substantial gainful activity since January of 2002. He was fully insured through December 31, 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Karagas' degenerative disc disease, status post surgery and pain disorder/mood disorder were severe impairments that prevented him from perform any of his past relevant employment. However, the ALJ further found that Mr. Karagas retained the residual functional capacity to perform a significant range of light work.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).   The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Karagas contends that the Commissioner erred in failing to accord the proper weight to the opinion of his treating physician, Dr. Travis.   If the ALJ did not apply the proper legal standards in his evaluation of the evidence, we cannot determine whether substantial evidence supports the ALJ's conclusion.  Such appears to be the problem in the case at bar.

Long time treating physician Dr. Travis opined that his patient would need two hours of bedrest in an eight hour shift, and that he could not frequently lift and carry even as little as ten pounds. Tr. 303.  It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight.   The underlying basis for according greater weight to the opinion of a treating physician is the fact that one who has seen a patient over a period of time is in a better position to evaluate complaints and relate them to previous events as opposed to a consultant who sees a patient on only one occasion.  In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the Court reaffirmed the vitality of the "treating physician" rule, and reemphasized that rejection of such opinions requires a clear statement of reasons.  20 C.F.R. § 404.1527(d)(2).

In this case, the ALJ stated that he was not affording controlling weight to Dr. Travis' medical opinion because "the treating notes of Dr. Travis and the other evidence of record does not support his extensive restrictions and essential disability opinion as there are few, if any, physical examination findings." Tr. 19.  The Court admits to being somewhat puzzled concerning this rather spare explanation, particularly in light of the fact that Dr. Travis was quite explicit in noting the clinical and objective testing support for his stated opinions.  See Tr. 304.  The record reflects that Dr. Travis has treated Mr. Karagas over a period of several years, during which time Mr. Karagas has consistently noted complaints of pain and Dr. Travis has observed apparent radiculopathy and restricted range of motion.  See, e.g., 176, 181, 206.  Dr. Travis has been assisted in his evaluations by objective tests, such as MRIs.  See, e.g., Tr. 178, but his long term clinical observation of Mr. Karagas cannot be duplicated by a physician who has examined the patient only once.

When the primary disabling factor is alleged to be pain, a treating physician's clinical observation may have particular value.  Of additional interest in this case is Mr. Karagas' concern regarding dependency on narcotic medication; Dr. Travis has duly noted the frankness of this concern, and he has limited his patient to relatively moderate narcotic dosages.  Finally, the additional restrictions imposed by interactions between Mr. Karagas' depression and his physical pain are duly noted in the record, lending increased importance to a careful evaluation of his complaints of pain.  Tr. 245.

The ALJ decided to discount reliance on Dr. Travis' opinion, and stated that he was relying instead upon the opinion of examining consultant, Dr. Gill who opined that Mr. Karagas could do "sedentary work-related activities and even light nonsedentary work as long as it does

3

not involve lifting of significant weight. Limits could be placed at 15 to 20 pounds" Tr. 240-241.[1] For the reasons stated above, the Court concludes that the ALJ's statement of reasons for rejecting Dr. Travis' opinion in favor of the opinion of the one-time examiner does not comply with the requirements of Wilson and the Commissioner's regulations. Nonetheless, while the ALJ failed to adequately *articulate* reasons for the lessened weight given the treating physician, the language of the opinion suggests that he did have reasons in mind. Accordingly, the Court concludes that reversal is inappropriate, and this matter should be remanded for further proceedings not inconsistent with this opinion.

    An order in conformity has this day entered.

---

[1] We note without comment Mr. Karagas' objection to reliance on the opinion of a consultant who has failed to review relevant medical records and test results.